UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE A. GARCIA-IBANEZ,

    Petitioner,

    v.                                                         CIV. NO. 02-1553 WJ/ACT

IMMIGRATION AND NATURALIZATION
SERVICE,

    Respondent.

## MAGISTRATE JUDGES PROPOSED FINDINGS

## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed December 9, 2002. Petitioner is currently incarcerated and proceeding *pro se*. Petitioner challenges his status and treatment as an alien. He is asking the Court that he be considered a national of the United States. The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds that the Court does not have jurisdiction and this matter should be transferred to the Ninth Circuit Court of Appeals.

## PROPOSED FINDINGS

1.    On June 21, 1991, Petitioner was convicted in the U.S. District Court for the Eastern District of Kentucky for the offense of Distribution of Marijuana and Conspiracy to Distribute Marijuana in violation of Title 21, U.S. Code, Sections 841 and 846. On November 19, 1991, the Court filed a Judgment in which Petitioner was sentenced to a term of 168 months to be served in the

U.S. Bureau of Prisons.  A third count of Importing Marijuana into the United States was dismissed on appeal.

    2.    On December 2, 1999, Petitioner was Ordered by the Honorable William L. Abbot, Immigration Judge, presiding in Arizona, United States Immigration Court, to be deported from the United States to the Republic of Mexico upon the completion of his sentence. The Court found that Petitioner was a deportable alien because of his "aggravated felony" conviction.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii)(alien convicted of aggravated felony is deportable) and 8 U.S.C. §1101(43)(drug trafficking convictions defined as aggravated felonies).   Petitioner appealed this decision and, in a *per curiam* opinion, the Board of Immigrations Appeals affirmed the lower's court's decision on May 15, 2000.  The Board found that Petitioner had not established he was *prima facie* eligibile for naturalization because it was not evident he had filed a naturalization petition.  The Court also found there were no exceptionally appealing or humanitarian factors against deportation.  Petitioner will complete his term of imprisonment on April 11, 2003.

    3.    Petitioner argues in his petition only that he is a naturalized United States citizen and, therefore not subject to deportation.  In general, a prospective deportee seeking judicial review of a removal decision must file a petition for review in the United States Court of Appeals for the circuit "in which the immigration judge completed the proceedings."  8 U.S.C. §1252(b)(2).  The immigration judge completed the proceedings in Arizona. Thus, this matter should have been filed in the United States Court of Appeals for the Ninth Circuit.

    4.    Amendments[1] to the immigration statutes have imposed limitations on the scope of

---

[1] "[O]n September 30, 1996, enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA),Pub.L.No. 104-208, 110 Stat. 3009, amended by the Act of

court of appeals review pursuant to §1252.  Since the amendments, the Courts have recognized that courts of appeal retain jurisdiction to determine threshold "jurisdictional stripping" issues such as that implicated in this case-whether the petitioner is in fact an alien or a citizen.  *Hughes v. Ashcroft,* 255 F.3d 752 (9th Cir. 2001); *e.g., Tapia-Garcia v. I.N.S.*, 237 F.3d 1216, 1219 (10th Cir. 2001). In *Tapia-Garcia*, the Tenth Circuit expressly held that it:

> "retains jurisdiction under the permanent provision to determine whether the jurisdiction bar applies.  We may therefore decide whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute." Id. at 1220.

Because the immigration judge's finding with regard to Petitioner's citizenship constitutes the sole question raised in this action, the U.S. Court of Appeals for the Ninth Circuit retains jurisdiction to address this threshold issue.

5.  To promote the expeditious disposition of this matter before the proper court, I find that this matter should be: (1) characterized as a petition for review of a final order of removal under 8 U.S.C. §1252(b) with the United States Attorney General as respondent; and (2) transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. §1631.  *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001)(after determining threshold issue, recharacterizing petition for review as habeas petition and transferring to district court); *Wireko v. Reno*, 211 F.3d

---

October 11, 1996, Pub.L.No. 104-302, 11 Stat. 3656.  Through this legislation, Congress amended many provisions of the INA and significantly restricted judicial review of removal orders based on commission of certain crimes.  As the Supreme Court has observed, the limitations on judicial review, designed to 'protect[] the Executive's discretion from the courts...can fairly be said to be the theme of the legislation.'"  Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 486 (1999); Tapia-Garcia v. I.N.S. 237., 237 F.3d 12216, 1218 (10th Cir. 2001).

833 (4th Cir. 2000)(district court transferred §2241 petition to court of appeals where threshold issue appeared to be the same issue as argued in habeas).

## RECOMMENDED DISPOSITION

I recommend that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed December 9, 2002, be transferred to the Ninth Circuit Court of Appeals

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed finding and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**